IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>
*Southern Division*

| | |
|---|---|
| **REMY HEATH,** * | |
| Petitioner, * | |
| v. * | **Civil Case No. GJH-16-2402** |
| * | **Crim. Case No. GJH-09-598** |
| **UNITED STATES OF AMERICA,** | |
| * | |
| Respondent. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Currently pending before the Court is Petitioner Remy Heath's Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 816, and the Government's Motion to Dismiss, ECF No. 842. No hearing is necessary to resolve the Motions. *See* 28 U.S.C. § 2255(b). For the following reasons, Petitioner's Motion to Vacate is denied and the Government's Motion to Dismiss is granted.

**I.  BACKGROUND**

On November 9, 2010, Petitioner pleaded guilty to one count of Conspiracy to Participate in a Racketeering Enterprise. ECF Nos. 384, 385. During sentencing, the Court determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1 based on two prior convictions for controlled substance offenses. ECF No. 816 at 1; 842 at 1.[1] The Court further determined that Petitioner's offense level was 34 and that he was a criminal history category VI, which established that his advisory guidelines range was 262 to 327 months. ECF No. 602 at 1. On

---

[1] Neither the Pre-Sentence Report or the Sentencing Transcript are reflected on the electronic docket; however, the representations of the parties in their filings are consistent as to the key factual issues needed to resolve this Motion.

1

September 7, 2011, the Court sentenced Petitioner to a term of imprisonment of 130 months to be followed by a 5-year period of supervised release. ECF Nos. 596, 601.

On June 27, 2016, Petitioner filed his Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 816. The Motion requested relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). At the time Petitioner filed his Motion, there was a Standing Order in place ordering that scheduling in all pending and anticipated cases involving *Johnson* challenges be suspended pending further appellate litigation involving related issues. Petitioner filed a *pro-se* Motion for Leave Requesting Extension of Time to Amend on March 17, 2017. ECF No. 830. On June 14, 2017, Counsel for Petitioner filed a motion seeking to withdraw his appearance, ECF No. 838, and that motion will be granted. On July 13, 2017, the Government filed a Motion to Dismiss Petitioner's Motion to Correct Sentence and Motion for Leave, arguing that in light of the Supreme Court's decision in *Beckles v. United States,* 137 S.Ct. 866 (2017), Petitioner is not entitled to relief. ECF No. 842. Petitioner did not file a response to the Government's Motion.

## II.  DISCUSSION

In Petitioner's Motion, he argues that he is no longer a career offender because his instant offense of conviction, conspiracy to participate in a racketeering conspiracy, no longer qualifies as a crime of violence under the Sentencing Guidelines as a result of the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015). United States Sentencing Guideline § 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At the time of Petitioner's sentencing, the Sentencing Guidelines included a residual clause defining a "crime of violence," in part, as an offense that "involves conduct that presents a serious potential risk of physical injury to another." United States Sentencing Guidelines § 4B1.2(a)(2) (2011 edition). In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA's") identical residual clause as unconstitutionally vague. 135 S.Ct. at 2557. Petitioner argued in his Motion that the residual clause in the career offender provision of the Sentencing Guidelines is therefore also void for vagueness. ECF No. 816 at 2. However, after Petitioner's filing, the Supreme Court rejected this precise argument in *Beckles v. United States*, 137 S.Ct. 886, 890–92 (2017) holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause;" therefore, "§ 4B1.2(a)'s residual clause is not void for vagueness."[2]

Accordingly, *Beckles* has foreclosed Petitioner's *Johnson* claim.[3]

## III.   CERTIFICATE OF APPEALABILITY

"A Certificate of Appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims presented debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). This legal standard for issuance has not been met, and accordingly, no certificate of appealability shall issue in this case. Denial or a certificate of

---

[2] The Court reasoned that "unlike the ACCA," "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

[3] Petitioner provides no additional substantive argument in his Motion for Leave for Extension of Time to Amend, thus that Motion is denied.

appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a successive motion under 28 U.S.C. § 2255.

## IV.     CONCLUSION

For the foregoing reasons, Petitioner's Motion to Correct Sentence, ECF No. 816, and Petitioner's Motion for Leave for Extension of Time, ECF No. 830, are denied. The Government's Motion to Dismiss, ECF No. 842, is granted. A separate Order shall issue.

Date: February 12, 2021                                  /s/
                                                               GEORGE J. HAZEL
                                                               United States District Judge